IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| THOMAS DENVER WOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-1061-CV-W-ODS-SSA |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for supplemental security income. The Commissioner's decision is affirmed.

I. STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to a determination whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but . . . enough that a reasonable mind would find it adequate to support the conclusion." Andrews v. Colvin, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." Cline v. Colvin, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. Anderson v. Astrue, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted). Substantial evidence means "more than a mere scintilla" of evidence;

rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010).

## II. BACKGROUND

Plaintiff was born in June 1992, and represents that he received a high school diploma. R. at 35, 37. Plaintiff last worked in late 2012 at a facility assisting disabled individuals with their daily living activities. R. at 37. Nonetheless, he filed an application for disability benefits in July 2012, alleging that he became disabled in September 2008.[1] R. at 14, 19, 105, 187, 239. After a hearing, an ALJ denied Plaintiff's application in August 2013. R. at 14-26. The Appeals Council affirmed the denial in September 2014, and in December 2014, Plaintiff filed the application leading to this proceeding.

Plaintiff claims he is disabled due to depression, anxiety, and "psychotic episodes." R. at 41. The ALJ considered and discussed the medical evidence in the Record. These records included (but were not limited to) those from Casey Prough, M.D., Plaintiff's treating psychiatrist. R. at 20-23. The ALJ also considered the opinion of Raphael Smith, Psy.D., a non-examining, consulting psychologist. R. at 20-21.

The ALJ's finding regarding Plaintiff's residual functional capacity ("RFC") and Plaintiff's credibility are matters for discussion that will be addressed below.

## III. DISCUSSION

Plaintiff contends that the ALJ's findings regarding his credibility and his RFC were not supported by the substantial evidence. Although the issues surrounding

---

[1] Neither party addresses that Plaintiff claims he was disabled at the age of 16, and Plaintiff did not raise an issue about whether the ALJ properly analyzed Plaintiff's claim as an adult, thereby waiving that argument. While the analytical framework for a minor's claim differs from the analytical framework for an adult's claim, it does not differ in ways that matter to the resolution of this case. The issues presented concern the ALJ's findings based on the medical evidence and the sufficiency of her findings regarding Plaintiff's residual functional capacity. Neither of these issues depends on differences between an adult's and a child's claim.

2

Plaintiff's credibility and RFC are intertwined, the Court will first address the ALJ's finding pertaining to Plaintiff's credibility.

A.

The familiar standard for analyzing a claimant's subjective complaints in the Eighth Circuit is set forth in <u>Polaski v. Heckler</u>, 739 F.2d 1320 (8th Cir. 1984) (subsequent history omitted):

> While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced. The adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them.
>
> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. The claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

<u>Id</u>. at 1322. While the Eighth Circuit has declared that the "preferred practice" is to cite <u>Polaski</u>, the Court of Appeals has also found it sufficient if the ALJ cites the appropriate regulations (which incorporate the same factors as <u>Polaski</u>). <u>See</u> <u>Schultz v. Astrue</u>, 479 F.3d 979, 983 (8th Cir. 2007).

3

Here, the ALJ acknowledged the appropriate regulation which incorporates the Polaski factors. R. at 23. The ALJ concluded that Plaintiff's testimony about his limitations was not fully credible for a variety of reasons, including: (1) Plaintiff's functional report, which listed his daily activities, (2) a functional report provided by Plaintiff's mother, which listed his daily activities, (3) Plaintiff's rejection of and non-compliance with recommended treatment and medication, (4) Plaintiff's work history, and (5) the objective medical evidence.[2] R. at 22-24. These factors were properly considered by the ALJ. See e.g., Casey v. Astrue, 503 F.3d 687, 695 (8th Cir. 2007); Wagner v. Astrue, 499 F.3d 842, 851 (8th Cir. 2007).

Plaintiff's testimony, his functional report, and the functional report provided by Plaintiff's mother established that Plaintiff routinely drives a car, regularly goes to the store, provides for his own personal care, feeds the dogs, watches television, and performs chores, including washing the dishes, doing laundry, vacuuming, dusting, mowing the yard, and cleaning. R. at 16-23, 36-44, 47-48, 198-208, 213-220. He also enjoys singing with a karaoke machine and socializing with family members. R. at 44, 50-51. This evidence of a wide range of daily activities led the ALJ to find that Plaintiff's allegedly disabling impairments were not as significant as he maintained. R. at 16-23.

The ALJ did not rest his credibility determination solely on Plaintiff's daily activities. She also considered that Plaintiff's treatment had been infrequent and conservative, Plaintiff was not always compliant with the recommend treatment and medications, Plaintiff had a sporadic work history, and the objective medical evidence did not support the level of severity of impairment alleged by Plaintiff. R. at 19-24. Having considered the Record as a whole, the Court concludes there is substantial evidence to support the ALJ's credibility determination.

---

[2] Contrary to Plaintiff's representation to this Court, the ALJ's credibility determination was not solely based upon Plaintiff's sporadic work history, discontinuation of jobs, and continued search for work.

4

B.

The Court now turns to Plaintiff's argument that the ALJ's RFC determination was not supported by the substantial evidence. Plaintiff argues that the ALJ should have accorded more deference to the reports from Dr. Prough, Plaintiff's treating psychiatrist, when making her RFC determination. The Court disagrees.

The ALJ accorded "very little weight" to Dr. Prough's opinions due to inconsistencies between his Medical Capacity Statements and his treatment notes. R. at 22. A treating physician's opinion may be disregarded if it is unsupported by clinical or other data or is contrary to the weight of the remaining evidence in the record. See e.g., Anderson v. Astrue, 696 F.3d 790, 793-94 (8th Cir. 2012); Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1996). In addition, "[a] treating physician's own inconsistency may also undermine his opinion and diminish or eliminate the weight given his opinions," such as when he offers an opinion that is inconsistent with his contemporaneous treatment notes. Hacker v. Barnhart, 459 F.3d 934, 937 (8th Cir. 2006).

Here, Dr. Prough's Mental Capacity Statements reflect more serious limitations than those reflected in his contemporaneous treatment notes wherein he stated, among other things, that Plaintiff self-reported he was doing well, doing pretty well, doing okay, was not as depressed, or his mood was "reasonable"; Plaintiff's depressive symptoms were under control; Plaintiff was cooperative and friendly; and Plaintiff had normal motor activity. R. at 21-23, 268-284, 286-288, 304-312, 337-339, 349-351. To the extent these differences can be explained, they appear to be based entirely on Plaintiff's statements about what he can and cannot do. Having found Plaintiff was not fully credible, the ALJ was entitled to afford little weight to Dr. Prough's opinion. To the extent Plaintiff contends the ALJ was obligated to accept all Dr. Prough's opinions, the law does not require such a result. Finders of fact are permitted to believe all of what a witness says, some of it, or none of it.

5

C.

Plaintiff's final argument raises issue with the ALJ's Step 5 determination. In particular, Plaintiff argues that the hypothetical question posed by the ALJ to the Vocational Expert ("VE") during the hearing, which was based upon the ALJ's RFC determination, was not supported by the substantial weight of the evidence. The Court disagrees.

In determining Plaintiff's RFC, the ALJ properly afforded great weight to Dr. Smith's opinion. Plaintiff does not argue otherwise. Dr. Smith opined that Plaintiff's impairments and limitations would not preclude him from all work activity, and that he "would be capable of less demanding work with adequate concentration, persistence and pace for simple tasks, and could adapt to changes in the work environment with limited social/public contact demands." R. at 20, 108. Dr. Smith also concluded that Plaintiff "may have difficulty sustaining attention and concentration for extended periods or working in close contact with co-workers or the public, but he would retain the ability to carry out simple instructions and work in a less demanding environment that does not require close or frequent interpersonal contact." R. at 21, 111.

The ALJ found that Plaintiff's RFC allowed him to "perform a full range of work at all exertional levels but with the following non-exertional limitations: he should be limited to simple, repetitive, and routine tasks; he should have no interaction with the public; he can work around co-workers, but he should have only occasional interaction with co-workers." R. at 18. To account for medication side effects, the ALJ also found that Plaintiff "should avoid exposure to operational control of moving machinery, unprotected heights, and hazardous machinery." R. at 18. These limitations were included in a hypothetical question posed by the ALJ to the VE. R. at 25, 51-53. In response to this hypothetical, the VE testified that Plaintiff could perform work as a change house attendant, linen room attendant, or cleaner. R. at 25, 52-53.

Plaintiff criticizes the hypothetical question posed to the VE because it was based upon the ALJ's allegedly erroneous RFC and credibility determination. As set forth above, those arguments are without merit. Moreover, "[t]he ALJ's hypothetical question to the vocational expert needs to include only those impairments that the ALJ

6

finds are substantially supported by the record as a whole." *Lacrois v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006). The hypothetical question posed to the VE included all of Plaintiff's limitations found to exist by the ALJ and set forth in the ALJ's description of Plaintiff's RFC. Accordingly, the ALJ's RFC determination and the hypothetical question based upon that RFC are supported by substantial evidence.

## IV.  CONCLUSION

The Court's review discerns no legal error on the ALJ's part. The ALJ considered facts he was entitled to consider, and the weighing of those facts is the ALJ's task, not the Court's. The Court concludes there is substantial evidence in the Record as a whole to support the ALJ's decision, so the denial of benefits is affirmed.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: August 28, 2015　　　　　　　　UNITED STATES DISTRICT COURT